FILED
APR 17 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD HENDRICKS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. SA-10-CA-01056-OLG |
| | § | |
| CHRISTUS HEALTH, SANTA | § | |
| ROSE HEAALTH CARE | § | |
| Defendant. | § | |
| | § | |

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Defendant's motion for summary judgment (docket no. 26) and Plaintiff's response thereto (docket no. 27). The remaining claim[1] in this case arises out of alleged retaliation against the Plaintiff for protected Title VII activity. Plaintiff worked for Defendant as a security officer, and alleges that a female co-worker complained to him that another security officer made inappropriate sexual advances toward her. Plaintiff alleges that he reported the co-worker's complaint to Defendant's Director of Security & Safety and that he was terminated for this protected gender discrimination activity within sixty (60) days of so reporting. Defendant contends that there is evidence of a causal connection between the alleged protected activity and the Plaintiff's termination that can withstand summary judgment scrutiny.

To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

---

[1] The Court has previously granted Defendant's motion to dismiss Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973, leaving only the Title VII claim on summary judgment. *See* Docket No. 10.

1

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A plaintiff can avoid summary judgment if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that discrimination or retaliation was a determinative factor in the actions of which plaintiff complains. *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997); *Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 149 (5th Cir. 1996). The Court must view the evidence presented on the motion in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

However, a Title VII plaintiff cannot avoid summary judgment simply by making out his prima facie case. *Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369, 371 (5th Cir. 1980). Nor can a Title VII plaintiff avoid summary judgment simply by making conclusory allegations of discrimination to the Court. *See Waggoner v. City of Garland*, 987 F.2d 1160, 1164 (5th Cir. 1993) (plaintiff's subjective belief that his discharge was based on age is insufficient to establish ADEA claim); *see also Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir. 1987) (plaintiff's affidavit that termination must have been discriminatory because "I could see no other reason I could have been [terminated]" was insufficient to overcome summary judgment). Indeed, "it has long been held by the Fifth Circuit that mere conclusory statements of a plaintiff are insufficient evidence to support a conclusion that an employer was more likely than not motivated by a discriminatory intent." *White v. Houston Indep. Sch. Dist.*, 815 F.Supp. 1016, 1019 (S.D. Tex. 1993).

Additionally, a Title VII plaintiff cannot avoid summary judgment by "expressing an intent to challenge the credibility of an employer's witnesses on cross-examination. She must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." *Lindahl v. Air France*, 930 F.2d 1434, 1437-38 (9th Cir. 1991). Once the defendant/employer has articulated its non-discriminatory reason for termination, the plaintiff must come forward with affirmative evidence of pretext, and set forth "specific facts showing that there is a genuine issue for trial." *Anderson* 106 S.Ct. at 2510–14 (1986); *Washington v. Board of Public Utilities*, 939 F.2d 901, 904 (10th Cir. 1991) (affirming summary judgment in Title VII case). A district court then determines whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 106 S.Ct. at 2511.

In the present case, the Court has previously addressed the Plaintiff's Title VII claim relation to the Defendant's motion to dismiss. The Court noted that in *Strong v. University Healthcare System, LLC*, the Fifth Circuit held that while close proximity standing alone may in some instances establish a prima facie case of retaliation, it is insufficient to avoid summary judgment. At that time, however, the Court noted that a prima facie case was all that was necessary to avoid dismissal under Rule 12, and that "[w]e ha[d] not reached the summary judgment stage in this case." 482 F.3d 802, 807-08 (5th Cir. 2007).

This case is a peculiar one in that the protected activity forming the basis of the complaint is Plaintiff's reporting of *someone else's* gender discrimination complaint to his supervisor, not his own complaint.[2] Because of this fact, Defendant contends that there is no evidence of a causal connection between the protected activity and the adverse employment action. Defendant,

---

[2] Though Plaintiff did make several complaints on his own behalf, none of those were based on activity that would form the basis of a Title VII claim, and therefore, reporting them could not be protected activity as contemplated by Title VII. *See* 42 U.S.C. 2000e-3(a).

3

by summary judgment evidence, contends that Plaintiff was not terminated for any retaliatory reasons, but rather, due to (1) his refusal to discuss matters about which he complained (not Title VII activity) with human resources; (2) making threatening remarks to human resources personnel; (3) his abusive language and intimidating treatment of another security guard; and (4) the fact that all of Plaintiff's actions occurred within his ninety-day probationary-hire period, wherein Defendant had a policy of terminating employees who had been disciplined multiple times within the probationary period.

In the Plaintiff's response, he presents evidence only of his subjective belief that he suffered retaliation for reporting and participating in his co-worker's complaint, which is not enough to survive summary judgment scrutiny. *See Waggoner*, 987 F.2d at 1164. Plaintiff additionally attempts to avoid summary judgment by relying on the complaints he made on his own behalf to human resources about another security guard, but these complaints were in no way related to the only protected Title VII activity alleged in this case—the gender discrimination complaint of his co-worker.

The Court finds that the evidence, taken as a whole, fails to create a fact issue as to whether each of Defendant's stated reasons for termination were pretext, nor does the evidence create a reasonable inference that discrimination or retaliation was a determinative factor in his termination. *See Walton*, 119 F.3d at 370; *Atkinson*, 84 F.3d at 149. The Plaintiff has failed to establish that a fact issue exists as to the third element necessary to recover under Title VII—namely, that a causal connection exists between his reporting of his co-worker's gender discrimination claim and his subsequent termination. Therefore, summary judgment is appropriate in this case.

Accordingly, Defendant's motion for summary judgment (docket no. 26) is GRANTED.

Additionally pending in this case is Defendant's second motion to compel discovery (docket no. 35). That motion is DENIED AS MOOT.

Having resolved all claims in this case, the Clerk of the Court shall enter judgment in favor of the Defendant as to all claims for relief, and close this case upon entry of this order.

SIGNED this 17 day of April, 2012.

United States District Judge Orlando L. Garcia